IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:08-590-CMC |
| v. | **OPINION and ORDER** |
| Gonzales L. March, | |
| Defendant. | |

Defendant has filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 1275 (filed July 8, 2011). The Government has responded in opposition, and Defendant has replied. On February 3, 2012, the Government filed a response to Defendant's motion for leave to file a supplemental reply. For the reasons below, the court **denies** Defendant's motion to alter or amend.

**I. BACKGROUND**

On November 29, 2010, Defendant filed a *pro se* motion for relief under 28 U.S.C. § 2255, asserting three Grounds for Relief. ECF No. 1239. Defendant argued that his designation as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("Guidelines") is invalid as a matter of law (Ground One); that his plea agreement does not preclude pursuit of Ground One because he is "actually innocent" of being a career offender (Ground Two); and that he received ineffective assistance of counsel at both plea and sentencing (Ground Three).

On January 19, 2011, the Government responded in opposition to Defendant's motion and moved for summary judgment, contending that the first two Grounds for Relief were barred by the terms of his plea agreement and that his ineffective assistance of counsel claims failed as Defendant could not establish he suffered any prejudice resulting from counsel's alleged ineffectiveness. *See*

1

*generally* Mot. for Summ. J. (ECF No. 1253).

On February 17, 2011, the court received for filing Defendant's *pro se* reply, dated February 14, 2011. ECF No. 1257. In this reply, Defendant stated that "[Defendant] wishes not to waste . . . time and taxpayer money to argue he's no longer a career offender. He's also not going to argue about the appeal waiver . . . ." Reply at 4. Defendant did not move to thereafter amend or supplement his reply.

On February 25, 2011, Joshua S. Kendrick, Esq., filed a notice of appearance on behalf of Defendant, indicating that he had been hired on February 21, 2011. ECF No. 1259. Counsel did not seek to amend the *pro se* response by Defendant. Rather he filed a supplemental response which argued in support of the Grounds abandoned by Defendant. Counsel presented argument that the waiver of appellate and post-conviction rights did not bar "this claim," Supplemental Resp. at 1 (ECF No. 1259), and that Defendant is "actually innocent" of being a career offender under § 4B1.1 of the Guidelines. *Id*. at 2.

On June 10, 2011, based on Defendant's *pro se* response filed prior to any appearance by counsel, this court found that Defendant had abandoned his first two Grounds for Relief. Opinion and Order at 1 (ECF No. 1270). The undersigned thereafter reviewed Defendant's Third Ground for Relief and determined that the Government was entitled to summary judgment on that Ground. The Clerk thereafter entered Judgment for the Government on all claims contained in the § 2255 motion. Defendant, through counsel, filed the current motion to alter or amend the judgment, arguing that the first two Grounds for Relief had not been abandoned, but rather had been specifically addressed in the Supplemental Response. The Government filed a response in opposition, to which Defendant, through counsel, replied.

On January 10, 2012, Defendant, through counsel, filed a motion for Leave to Consider

*generally* Mot. for Summ. J. (ECF No. 1253).

On February 17, 2011, the court received for filing Defendant's *pro se* reply, dated February 14, 2011. ECF No. 1257. In this reply, Defendant stated that "[Defendant] wishes not to waste . . . time and taxpayer money to argue he's no longer a career offender. He's also not going to argue about the appeal waiver . . . ." Reply at 4. Defendant did not move to thereafter amend or supplement his reply.

On February 25, 2011, Joshua S. Kendrick, Esq., filed a notice of appearance on behalf of Defendant, indicating that he had been hired on February 21, 2011. ECF No. 1259. Counsel did not seek to amend the *pro se* response by Defendant. Rather he filed a supplemental response which argued in support of the Grounds abandoned by Defendant. Counsel presented argument that the waiver of appellate and post-conviction rights did not bar "this claim," Supplemental Resp. at 1 (ECF No. 1259), and that Defendant is "actually innocent" of being a career offender under § 4B1.1 of the Guidelines. *Id*. at 2.

On June 10, 2011, based on Defendant's *pro se* response filed prior to any appearance by counsel, this court found that Defendant had abandoned his first two Grounds for Relief. Opinion and Order at 1 (ECF No. 1270). The undersigned thereafter reviewed Defendant's Third Ground for Relief and determined that the Government was entitled to summary judgment on that Ground. The Clerk thereafter entered Judgment for the Government on all claims contained in the § 2255 motion. Defendant, through counsel, filed the current motion to alter or amend the judgment, arguing that the first two Grounds for Relief had not been abandoned, but rather had been specifically addressed in the Supplemental Response. The Government filed a response in opposition, to which Defendant, through counsel, replied.

On January 10, 2012, Defendant, through counsel, filed a motion for Leave to Consider

Supplemental Reply and Supplemental Reply. ECF No. 1318. The court **grants** that motion (ECF No. 1318). Defendant cites two recent appellate cases which he believes support his position. The court has reviewed these cases and finds them distinguishable from the current case, as discussed below.

**II. RULE 59(E)**

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990).

The Government contends that Defendant has not provided a valid ground for relief under Federal Rule of Civil Procedure 59(e).[1] However, Defendant's contention is that this court committed an error of law when it deemed Defendant's first two grounds for relief abandoned. If Defendant were correct, this would be a proper ground for relief under Rule 59(e).

The court finds that Defendant's First and Second Grounds for Relief were specifically abandoned by Defendant in his *pro se* Reply dated February 14, 2011, and received for filing February 17, 2011. There is no indication in this Reply that Defendant was in the process of hiring

---

[1]The court agrees with Defendant that the Government's response to the motion to alter or amend contains substantive arguments relating to the viability and validity of Defendants' § 2255 motion which were not contained in its original motion for summary judgment.

3

counsel, nor did he seek permission to supplement his Reply. However, even assuming, for purposes of this motion only, that Defendant did not abandon his first two grounds for relief, Defendant's motion for relief under § 2255 fails for the reasons noted below.

### III. GROUNDS ONE AND TWO[2]

Defendant's First Ground for Relief is that his designation as a career offender under § 4B1.1 of the Guidelines is invalid because his South Carolina conviction for failure to stop for a blue light (FTSBL) is no longer a qualifying predicate offense under *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010). Defendant maintains, therefore, that he is serving an "illegal sentence," Mem. in Supp. of Mot. at 14 (ECF No. 1239-1), and should be resentenced. In response, the Government argues that this court's consideration of this Ground for Relief is barred because it falls within the scope of Defendant's waiver of appellate and post-conviction rights contained in his plea agreement. In Defendant's Supplemental Response in Opposition, Defendant argues that it would be a miscarriage of justice to let his sentence stand because he is "actually innocent" of being a career offender and that his first Ground for Relief falls outside the scope of the waiver of his appellate and post-conviction rights. Defendant cites *United States v. Maybeck*, 23 F.3d 888 (4th Cir. 1994), in support of this proposition.

In his Second Ground for Relief, Defendant maintains that neither his plea agreement nor the withdrawal of his objection at sentencing bars this court's consideration of the claim presented in his First Ground for Relief. The court finds that this is not a valid, independent claim cognizable in a motion for relief under § 2255. Therefore, it is dismissed. However, the court has considered and addresses below the argument contained in "Ground Two" in its evaluation of Ground One.

---

[2] Defendant has not moved to reconsider this court's ruling relating to his claims of ineffective assistance of counsel contained in Ground Three.

4

### A. APPEAL AND/OR POST-CONVICTION REMEDIES WAIVERS

Appeal waivers are enforceable if the record establishes (1) that the waiver is knowing and intelligent and (2) that the issue being appealed is within the scope of the waiver. *See United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005); *United States v. Johnson*, 410 F.3d 137, 149 (4th Cir. 2005). This same standard applies to the waiver of motions for relief under § 2255. *United States v. Lemaster*, 403 F.3d 216 (4th Cir. 2005). That is, as long as Defendant's waiver of his appellate and post-conviction rights was knowing and voluntary, his sentence cannot be challenged unless his grounds for attacking his sentence fall outside the scope of the waiver. *See id.* at 220 n.2.

Defendant entered into a plea agreement with the Government wherein he waived "the right to contest either the conviction or sentence in any direct appeal or other post-conviction action, including any proceeding action under 28 U.S.C. § 2255." Plea Agreement at ¶18 (ECF No. 612, filed Sept. 25, 2008). This waiver excluded claims of ineffective assistance of counsel and/or prosecutorial misconduct. *Id.* Therefore, as long as Defendant's waiver was knowing and voluntary, the issue asserted falls within the scope of the waiver, and the issue is not within the narrow class of claims which fall outside a valid post-conviction waiver, his plea agreement forecloses his first two Grounds for Relief.

#### 1. KNOWING AND VOLUNTARY

A review of the record establishes Defendant's waiver of his appellate and post-conviction rights was knowing and voluntary. At the beginning of the change of plea hearing, Defendant sought to strike the paragraph wherein he agreed to waive these rights. The Government, however, was "not willing to agree to delete the appeal waiver provision from [the] plea agreement." Tr. Change of Plea Hr'g. (hereinafter "Tr. Pl.") at 2 (ECF No. 844, filed Apr. 15, 2009). After a full discussion in open court, Defendant agreed to the waiver of his appeal and post-conviction rights (except for

claims of ineffective assistance of counsel and/or prosecutorial misconduct). *Id*. at 11. Defendant was thereafter placed under oath, and the court reviewed the entire plea agreement with Defendant, including the paragraph wherein Defendant agreed to waive these rights, and again Defendant orally indicated that he understood the waiver and its ramifications. *Id*. at 35.

In the course of the Rule 11 hearing, this court also discussed Defendant's State of South Carolina FTSBL conviction and its potential impact on his federal sentence. *Id*. at 27-29. This court advised Defendant that his FTSBL conviction would likely be counted as a predicate offense for career offender status under the advisory sentencing guidelines.[3] *Id*. at 28. Defendant was specifically advised, however, that at that time, it was "up in the air" whether the Fourth Circuit Court of Appeals would continue to hold that a South Carolina FTSBL conviction was a qualifying predicate offense for career offender purposes. *Id*. at 29. At the conclusion of the Rule 11 hearing, Defendant agreed to the terms of the plea agreement and entered a plea of guilty. *Id*. at 43.

Defendant was well aware that entering into this plea agreement[4] with the Government would require that he relinquish his right to file an appeal and/or a § 2255 motion (excluding, of course, the above-noted exceptions). In fact, he attempted to strike the paragraph which included the waiver, but the Government would not agree to enter into the plea agreement without the waiver in place. After a full discussion on the record, Defendant agreed to proceed with the plea agreement with the waiver. Therefore, a review of the record and of Defendant's sworn statements during his plea

---

[3]Including the FTSBL conviction, Defendant had only two qualifying predicate offenses.

[4]The plea agreement allowed the Defendant to plead guilty to the lesser included offense contained in Count One of the Third Superseding Indictment. Absent the plea agreement, Defendant, who had previously been convicted of a felony drug offense, faced a statutory penalty of at least twenty (20) years' imprisonment, with a maximum term of life imprisonment, if he was convicted. 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 851.

colloquy conclusively establishes that his waiver of these rights was knowing and voluntary.

## 2. SCOPE

Having determined Defendant's waiver of his appeal and post-conviction rights was knowing and voluntary, it must next be determined whether Defendant's current challenge to his sentence falls within the waiver's scope.

The Fourth Circuit has identified a narrow class of claims that fall outside the scope of a valid waiver of direct appeal rights:[5] (1) claims that the sentence was imposed in excess of the maximum penalty provided by law, (2) claims that the sentence was based on a constitutionally impermissible factor such as race, or (3) claims that the defendant was deprived of effective assistance of counsel at a proceeding following the entry of the waiver, such as at sentencing. *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994); *United States v. Marin*, 961 F.2d 493. 496 (4th Cir.1992); *see also Blick*, 408 F.3d at 169.

Except for claims of ineffective assistance of counsel and/or prosecutorial misconduct, Defendant's waiver of his appeal and post-conviction rights was unconditional. The waiver did not include any other exceptions. Defendant's sentence was not in excess of the maximum penalty provided by law, and was not based on a constitutionally impermissible factor. While Defendant asserts in his Third Ground for Relief that he received ineffective assistance of counsel at sentencing, this claim was rejected in the Opinion and Order filed June 10, 2011, and Defendant does not seek reconsideration of that determination.

---

[5]In *Lemaster*, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. 403 F.3d at 220. The Court implicitly acknowledged that the narrow class of claims that fall outside the scope of a valid waiver of direct appeal rights would also be considered outside the scope of a valid waiver of collateral attack rights. *Id*. at n.2.

Defendant argues that this ground for relief falls outside the scope of his waiver of post-conviction rights because (he contends) he is serving an illegal sentence. Defendant maintains that *Maybeck*, *supra*, supports the proposition that he is "actually innocent" of being a career offender, and that the Fourth Circuit refuses to enforce otherwise valid post-conviction waivers if to do would result in a miscarriage of justice, *i.e.*, if a defendant is actually innocent of a sentence. *See* Supplemental Resp. at 2 (arguing that in *Maybeck*, the Fourth Circuit "held that actual innocence applies to a sentence where the offender is innocent of the conduct for which his sentence is enhanced.").

Defendant's argument is foreclosed by the Fourth Circuit's decision in *United States v. Pettiford*, 612 F.3d 270 (4th Cir. 2010), *cert. denied*, 131 S. Ct. 620 (Nov. 15, 2010). In *Pettiford*, the Fourth Circuit held that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." 612 F.3d at 284. Defendant does not contend that he did not commit the crime of FTSBL; rather, he argues that its legal classification precludes his being deemed a career offender.

Accordingly, because Defendant's claim does not fall within the narrow category of cases which would exclude it from a knowing and voluntary waiver, the claim for relief in Ground One falls within the scope of his knowing and voluntary waiver of his appellate and post-conviction rights.

Therefore, the Government is entitled to summary judgment on Defendant's First Ground for Relief as it is barred by the express terms of his plea agreement.

### B. WITHDRAWAL OF OBJECTION AT SENTENCING[6]

Even assuming Defendant's claim in Ground One was not covered by his knowing and voluntary waiver contained in his plea agreement, Defendant's knowing and voluntary withdrawal of his objections at sentencing operate as "an intentional, and therefore permanent, abandonment of a position." *United States v. Torres-Rosario*, 658 F.3d 110, 115 (1st Cir. 2011) (quotation and citation omitted). Defendant seeks to circumvent this bar by asserting his "actual innocence" of the career offender designation. Mem. Supp. at 21 (ECF No. 1239-1).

A party waives a right when he intentionally relinquishes or abandons it. *United States v. Olano*, 507 U.S. 725, 733 (1993) (a waiver is a "relinquishment or abandonment of a known right."); *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *United States v. Mitchell*, 85 F.3d 800, 807 (1st Cir. 1996). This is different from a situation in which a party fails to make a timely assertion of a right, that is, what courts typically call a "forfeiture." *Olano*, 507 U.S. at 733. The difference is critical: a waived issue ordinarily cannot be resurrected on appeal, *see*, *e.g.*, *United States v. Ross*, 77 F.3d 1525, 1542 (7th Cir.1997), whereas a forfeited issue may be reviewed for plain error, *Olano*, 507 U.S. at 733-34. *See March*, 392 F. App'x at 157 ("Such a waiver is distinguishable from a situation in which a party fails to make a timely assertion of a right-what courts typically call a forfeiture, which as noted above, may be reviewed on appeal for plain error.") (internal quotations and citations omitted).

If a defendant presents an objection at sentencing and then withdraws it, it is deemed waived for appellate review purposes. *United States v. Horsfall*, 552 F.3d 1275, 1283 (11th Cir. 2008)

---

[6]This argument is presented in Defendant's Second Ground for Relief. However, as noted above, the court determines that this is not a separate ground for relief, but rather that it should be considered as argument in support of Ground One.

(finding that defendant's withdrawal of objection to sentence enhancement precluded appellate review of enhancement); *United States v. Rodriguez*, 311 F.3d 435, 437 (1st Cir. 2002) ("[A] party who identifies an issue, and then explicitly withdraws it, has waived the issue."); *United States v. Chapman*, 209 F. App'x 253, 268 n.4 (4th Cir. 2006) ("withdrawal of [an] objection amounts to a waiver of any complaint" regarding alleged errors at sentencing).

In support of his position that his withdrawal at sentencing of his career offender objection does not operate as a bar to consideration of his first Ground for Relief, Defendant cites to the First Circuit's decision in *United States v. Torres-Rosario*, 658 F.3d 110 (1st Cir. 2011). In this direct criminal appeal, the First Circuit treated Torres-Rosario's concession at sentencing that he was an armed career criminal as an argument which had been forfeited versus an argument which had been affirmatively waived, as it "merely remits Torres-Rosario's [argument that his prior Massachusetts assault and battery conviction was not a "violent felony" under 18 U.S.C. § 924(e)(1)] argument to the test of plain error . . . ." 658 F.3d at 116. The First Circuit found that the plain error standard had been satisfied and that the government would not be unduly prejudiced in reopening and thereafter remanding the issue to the district court because on remand, the government "remains entitled to establish the ACCA designation . . . by showing that one of the assault and battery convictions was a crime of violence . . . [based on] proof severely constrained by *Shepard* [*v. United States*, 544 U.S. 13 (2005)] . . . ." *Id.* at 117.

However, unlike *Torres-Rosario*, this matter is before the court on a motion for relief under § 2255. Therefore, Defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). In the current case, Defendant was sentenced after both *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009), had been decided by the Supreme Court. The Fourth Circuit case upon which

10

Defendant relies, *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010), was decided February 25, 2010, while Defendant's appeal was pending. As *Rivers* was decided *prior to* the decision on Defendant's appeal, the Fourth Circuit was well within its authority to "engage[ ] in the rare exercise of its power to excuse waiver." *United States v. Morgan*, 384 F.3d 1, 7 (1st. Cir. 2004). This it did not do. Instead, the Fourth Circuit found that "[d]uring sentencing, in exchange for the Government's agreement to withdraw [the § 851 Information], March withdrew his motion for downward departure and objection to the application of the career offender enhancement. Therefore, it is clear that March has waived this issue, and we are precluded from considering it on appeal." *March*, 392 F. App'x 157-58. Therefore, Defendant's waiver of the career offender issue must be treated as a "permanent[ ] abandonment of [his] position." *Torres-Rosario*, 658 F.3d at 115.

### C. PROCEDURAL DEFAULT

Assuming Defendant's First Ground for Relief is not barred from consideration by this court, *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (§2255 petitioner may not "recast, under the guise of collateral attack, questions fully considered by this court")[7], the court finds that at most, Defendant's Ground for Relief could only be considered after determination of whether Defendant procedurally defaulted the claim. A defaulted claim is typically barred from collateral review. *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 351 (2006); see also *United States v. Emanuel*, 869 F.2d 795, 796 (4th Cir.1989) (non-constitutional issues are deemed waived in a § 2255 motion if they were not raised on direct appeal). The Supreme Court has recognized an equitable exception to the bar, however, when a habeas applicant can demonstrate cause and prejudice, or

---

[7]Whether Defendant's withdrawal of his objection operates as an affirmative and knowing waiver of the right of appellate consideration or whether it could be argued that Defendant raised the argument and it was affirmatively decided against him on appeal, either circumstance would bar this court's consideration of the issue raised in Defendant's First Ground for Relief.

11

when a miscarriage of justice would occur from a court's refusal to entertain the collateral attack. *See Dretke v. Haley*, 541 U.S. 386, 393 (2004); *see also United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Id*. Actual prejudice is then shown by demonstrating that the error worked to Defendant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. *See Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir.1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)). "[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *Mikalajunas*, 186 F.3d at 293.

As to whether a miscarriage of justice would result from this court's failure to consider Defendant's claim, the Fourth Circuit has previously held that the actual innocence exception may be applied in § 2255 to noncapital sentencing proceedings. *Maybeck*, 23 F.3d at 892-94; *see also Mikalajunas*, 186 F.3d at 494. However, "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010), *cert. denied*, 131 S. Ct. 620 (U.S., Nov. 15, 2010). *See also Mikalajunas*, 186 F.3d at 494. In this case, Defendant does not maintain, even in responding to the Government's motion to dismiss, that he is factually innocent of the South Carolina FTSBL conviction. Instead, Defendant argues that the legal classification of the crime in question – FTSBL – precludes his being deemed a career offender. However, as noted above, "actual innocence" means that Defendant is innocent of the crime in question. *See Bousely v. United States*, 523 U.S. 614, 623 (1998) ("'actual innocence' means factual innocence, not mere legal insufficiency.").

12

Defendant cites *United States v. Narvaez*, ___ F.3d ___, 2011 WL 6382106 (7th Cir., Dec. 6, 2011), in support of the proposition that his claim should be considered because Defendant "was not eligible for the categorization of [career] offender wrongfully imposed upon him." __ F.3d at __, 2011 WL 6382106 *4. However, *Narvaez* is not binding upon this court, and Narvaez was originally sentenced when the Guidelines were a mandatory sentencing scheme. Moreover, the Fourth Circuit has been very clear as to what it deems to be "actual innocence" in the habitual offender context, and this court is bound to apply the law of this Circuit.

### III. Conclusion

Defendant's appellate and post-conviction waiver and withdrawal of his objection at sentencing were made not only with full knowledge of the state of the law in the Fourth Circuit, but also based upon a bargain with the Government, from which he benefitted. It simply cannot be said that the sentence imposed upon Defendant resulted in a miscarriage of justice.

For the reasons noted above, Defendant's motion to alter or amend is **denied**.

**IT IS SO ORDERED.**

                                          s/ Cameron McGowan Currie
                                          CAMERON McGOWAN CURRIE
                                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 22, 2012