IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No. 3:08-590 (CMC) |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Gonzales L. March, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for the court to "Order and/or Recommend" that March receive "the maximum allowed twelve (12) months Halfway House/Home Confinement pursuant to the Second Chance Act." ECF No. 1702. Defendant seeks the court's recommendation that he spend the last twelve months of his period of incarceration at a Residential Reentry Center ("RRC"). Mot. at 1.

Determinations regarding placement pursuant to the Second Chance Act are solely within the province of the United States Bureau of Prisons ("BOP"). 42 U.S.C. § 17541(a); 18 U.S.C. § 3624(c)(6)(C) (" the Second Chance Act of 2007 [] shall ensure that placement in a community correctional facility by the Bureau of Prisons is. . . of sufficient duration to provide the greatest likelihood of successful reintegration into the community.")  Therefore, the court cannot order that Defendant be placed in an RRC for twelve months.

However, Defendant is correct that the BOP takes into account a court's recommendation regarding the place of incarceration. *See* 18 U.S.C. § 3621 (b)(4)(B) ("The Bureau may designate any available penal or correctional facility. . . considering, . .any statement by the court that imposed the sentence. . . recommending a type or penal or correctional facility as appropriate.") As Defendant has spent over seven years in prison, a longer period in an RRC may be beneficial

for reintegration into society. Neither the U.S. Probation Office nor the U.S. Attorney's Office objects to Defendant's request. Therefore, this court recommends that Defendant be placed in an RRC for a period of twelve months before his release.

To the extent that Defendant's motion seeks modification of the sentence imposed April 22, 2009, that is different from a recommendation regarding the place of incarceration. Rule 35(a) of the Federal Rules of Criminal Procedure permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after the oral announcement of the sentence. See Rules 35(a) and (c), Fed.R.Crim.P. The sentence was orally announced on April 22, 2009, and, accordingly, the deadline for any action by the court on a Rule 35(a) motion has passed. Therefore, the court is without jurisdiction to act upon Defendant's motion in this regard.

Apart from Rule 35(a), a district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by 18 U.S.C. § 3582 or 18 U.S.C. § 3742. Title 18 United States Code § 3582(c) limits the court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. *See* 18 U.S.C. § 3582(c) (the court can modify a judgment (1) upon motion of the Director of the BOP for statutorily-specified reasons, (2) upon motion of the government for substantial assistance, or (3) upon motion of the defendant or the BOP, or upon the court's own motion, because of a subsequent lowering of the applicable sentencing range). None of these circumstances applies to Defendant.

After an appeal, the court can modify a sentence if the sentence is found by the appellate court to have been imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, as provided for in 18 U.S.C. § 3742. The Fourth Circuit Court of Appeals affirmed Defendant's sentence. ECF No. 1226.

The court has no authority in this case to order Defendant's placement in an RRC, as where Defendant is housed is solely within the authority of the BOP.  However, the court does recommend that Defendant be placed in an RRC for the last twelve months of his sentence.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
March 8, 2016