IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:08-590-CMC |
| v. | **Opinion and Order** |
| Gonzales March, Defendant. | |

Defendant, through his attorney, seeks relief in this court pursuant to 28 U.S.C. § 2255. ECF No. 1713. The Government filed a motion to dismiss and a memorandum in support/response in opposition to Defendant's § 2255 motion. ECF No. 1719, 1720. On August 12, 2016, Defendant filed a response in opposition to the Government's motion to dismiss. ECF No. 1727.

**I.  Background**

On September 17, 2008, Defendant was indicted (via third superseding indictment) for Conspiracy to Possess with Intent to Distribute cocaine base and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and three counts of using a telephone to facilitate the commission of Conspiracy to Possess with Intent to Distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 561. On September 2, 2008, the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Defendant that he was subject to increased penalties based on a prior conviction for a felony drug offense. ECF No. 456.

On September 25, 2008, Defendant entered into a written plea agreement to plead guilty to the lesser included offense in count 1 and count 35 of the third superseding indictment, conspiracy to possess with intent to distribute 500 grams or more of cocaine, and use of a telephone to commit a drug trafficking crime. ECF No. 612. As part of the plea agreement, Defendant stipulated that

he had one prior felony drug conviction that was the subject of an Information filed pursuant to § 851 that subjected him to a mandatory minimum sentence of 10 years imprisonment. *Id.* at ¶ 12. Defendant also waived his direct appeal rights and his right to file a motion for relief under § 2255 except as to claims of ineffective assistance of counsel and/or prosecutorial misconduct. *Id.* at ¶ 18. The same day, Defendant appeared before this court and pled guilty as above. ECF No. 614.

A Pre-Sentence Report (PSR) concluded Defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense, and therefore was classified as a career offender pursuant to U.S.S.G. §4B1.1(b). ECF No. 837. Defendant's predicate convictions were failure to stop for a blue light ("FTSBL") and distribution of crack cocaine. *Id.* at ¶¶ 35, 37. His guideline range was 262 to 327 months imprisonment.

Defendant filed several objections to the PSR, including an objection that his conviction for failure to stop for a blue light should not be considered a crime of violence for career offender purposes, and therefore he could not be designated a career offender. ECF No. 827. Defendant also filed a motion to depart from the guidelines, arguing that his criminal history category as a career offender overstated the seriousness of his criminal history, and that the FTSBL conviction was "questionable as being classified as a crime of violence." Therefore, the motion requested a sentence nearer to the 120 month mandatory minimum. ECF No. 859. Finally, Defendant filed a sentencing memorandum, discussing the § 3553(a) factors and requesting to enter the military instead of prison. ECF No. 863.

On April 22, 2009, Defendant appeared for sentencing. ECF No. 879. The Government withdrew the filed § 851 enhancement in exchange for Defendant withdrawing his objections to the PSR and his motion for a downward departure based on overstatement of criminal history, both

of which included the FTSBL as a predicate conviction issue. ECF No. 1041, Sentencing Transcript, at 2, 11-12. This resulted in a guideline range of 188 to 235 months. The court varied from the guideline range, imposing a sentence of 144 months imprisonment and four years supervised release. ECF No. 927.

Despite his appeal waiver, Defendant filed an appeal with the Fourth Circuit. ECF No. 995. In his appeal, Defendant questioned the district court's application of the career offender enhancement, and argued that his attorney for sentencing was ineffective because he advised Defendant to withdraw his objection to the career offender enhancement. Defendant also argued that his 144 month sentence was not reasonable because his FTSBL conviction was not a crime of violence, and should not have been counted as a predicate conviction for career offender purposes.[1] Despite *Rivers*, the Fourth Circuit found that Defendant waived appellate review of the FTSBL issue because he raised and then knowingly withdrew the objection to it before the district court. ECF No. 1220. The court affirmed all appealed aspects of Defendant's sentence, but noted that arguments regarding ineffective assistance of counsel should be filed as a § 2255 motion with the district court. *Id.*

On November 29, 2010, Defendant filed his first § 2255 motion. ECF No. 1239. Defendant argued that his counsel was ineffective and challenged his designation as a career offender based on the FTSBL, as that conviction could no longer count as a crime of violence under *Rivers*. *Id.* at 10. After full briefing of Defendant's motion, this court granted the

---

[1] The Fourth Circuit issued its opinion in *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010) on February 25, 2010, finding FTSBL not a crime of violence more than five months before its decision in Defendant's appeal.

3

Government's motion for summary judgment and dismissed Defendant's motion in its entirety. ECF No. 1270. The court found Defendant's argument, that counsel was ineffective at sentencing for allowing him to withdraw his objection to the FTSBL predicate conviction for career offender purposes, failed:

> Defendant's counsel was fully aware that the FTSBL issue was in a state of flux in the Fourth Circuit. He discussed this issue with Defendant, and was prepared to argue Defendant's career offender objection on Defendant's behalf. However, counsel was also aware that existing Fourth Circuit precedent dictated that the objection would likely be overruled.

*Id.* at 10-11. Therefore, the court found that Defendant made his own decision to withdraw his objection regarding the career offender classification. *Id.* at 11 ("Defendant cannot demonstrate counsel was ineffective in advising him to take a deal that benefitted him greatly under precedent existing at the time Defendant was sentenced."). Accordingly, the court found summary judgment for the Government to be appropriate.

On July 8, 2011, Defendant, through counsel, filed a motion to alter judgment as to the § 2255 motion. ECF No. 1275. In it, Defendant argued he was actually innocent of being a career offender because FTSBL was categorically not a crime of violence for career offender purposes. This court denied Defendant's motion, finding, in pertinent part, that Defendant's withdrawal of his objection to the FTSBL and career offender designation at sentencing operated as "an intentional, and therefore permanent, abandonment of a position." ECF No. 1320, at 9. As the Fourth Circuit previously found that Defendant's abandonment precluded consideration on appeal, Defendant's waiver was considered a "permanent abandonment of his position" (*Id.* at 11) by this court, and his motion was dismissed. Importantly, this court noted that "Defendant's appellate and post-conviction waiver and withdrawal of his objection at sentencing were made not only with full

4

knowledge of the state of the law in the Fourth Circuit, but also based on a bargain with the Government, from which he benefitted." *Id.* at 13.

Defendant also appealed the denial of his motion to alter or amend. ECF No. 1324. This appeal was dismissed as the district court did not issue a certificate of appealability, and the Fourth Circuit determined that Defendant did not meet the standard for such a certificate. ECF No. 1357.

Defendant continued to file *pro se* motions under § 2255 and attempted various other avenues of attack on his sentence, most of which included arguments related to his career offender status and predicate offense of FTSBL. *See* ECF Nos. 1339, 1398, 1485, 1502, 1526, 1570, 1575, 1590, 1594, 1610, 1615, 1680, 1688. The Fourth Circuit continued to affirm this court's denial of Defendant's motions, when appealed. *See* ECF Nos. 1380, 1449, 1560, 1652.

On June 20, 2016, the Fourth Circuit granted Defendant's motion to file a second or successive § 2255 motion on *Johnson* grounds. *See Johnson v. United States*, 576 U.S. __, 135 S. Ct. 5221 (2015). ECF No. 1712. Defendant filed his motion the same day (ECF No. 1713).

**II.    Impact of *Johnson* and *Welch***

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 576 U.S. at __, 135 S. Ct. at 2557. By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The ACCA residual clause can no longer support a defendant's classification as an armed career criminal.

5

On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. \_\_, 136 S.Ct. 1257 (2016), holding that the newly established right recognized in *Johnson* is retroactive to cases on collateral review.

In order for Defendant to be entitled to relief, the newly recognized right established in *Johnson* must be applicable not only to the ACCA, but to the career offender portion of the Sentencing Guidelines, which, at the time of Defendant's sentencing, contained a residual clause in its definition of "crime of violence."[2] That residual clause, similar to the one in the ACCA, explained that "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" may be used as a predicate offense for career offender purposes. 18 U.S.C. § 16 (b); U.S.S.G. § 4B1.2 (2008).

The Fourth Circuit recently noted that it was "not persuaded" that *Johnson* applied only to the ACCA's residual clause and not the residual clause found in § 16(b). *See In re Creadell Hubbard*, No. 15-276, \_\_ F.3d \_\_, 2016 WL 3181417, at *3 (4th Cir. June 8, 2016). Although dealing with the standard for review of an application under § 2244 for permission to file a second or successive § 2255 motion, instead of the standard for relief under § 2255, the Fourth Circuit suggested that the residual clause of § 16(b) may also be invalidated by *Johnson*. *Id.* The Supreme Court has granted *certiorari* in *United States v. Beckles*, No. 15-8544, in order to determine

---

[2] The definition of "crime of violence" for career offender purposes, revised effective August 1, 2016, no longer contains a residual clause.

6

whether *Johnson* applies to the career offender guideline and, if so, whether it is retroactive to cases on collateral review.

### III.  Discussion

In this case it is unnecessary to await the Supreme Court's decision in *Beckles*. During negotiations at sentencing, Defendant specifically bargained away the right to challenge his FTSBL conviction as a predicate conviction for career offender purposes. This court found Defendant's acceptance of the deal offered by the Government (withdrawal of the § 851 Information in return for Defendant withdrawing his objections to the PSR and motion regarding overrepresentation of his criminal history, both of which included the issue of utilization of FTSBL as a predicate offense for career offender purposes) was knowing and voluntary. Over the course of Defendant's many filings regarding this issue, the court found that Defendant made his own decision to withdraw the objection regarding the FTSBL conviction, knew the state of the law governing this issue at the time, and was aware the law was in flux. Further, Defendant benefitted from withdrawal of his objection and motion in that the mandatory minimum and maximum sentences for his drug conviction were reduced to five and forty years, respectively, when the Government withdrew the § 851 enhancement. ECF No. 1041, Sentencing Tr., at 3. This had the effect of lowering his guideline range as well. Notably, this court's decisions regarding the FTSBL issue were upheld in all instances at the Fourth Circuit.

Due to the bargain made at sentencing, Defendant is unable to challenge his FTSBL conviction as a predicate conviction for career offender designation; in addition, Defendant has a drug conviction which also serves as a predicate conviction for career offender status.

7

Accordingly, Defendant's predicate convictions would not be affected by the retroactivity issue in *Beckles*.

### IV. Conclusion

Defendant's challenge to his career offender status fails because Defendant specifically bargained away his right to challenge the use of his FTSBL conviction as a career offender predicate. Therefore, his two predicate convictions are untouched, and he remains a career offender. The Government's motion to dismiss is **granted** and Defendant's § 2255 motion is hereby **dismissed**.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 12, 2016

9