IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:08-590-CMC |
| v. | |
| Gonzales March, | **Opinion and Order** |
| Defendant. | |

This matter is before the court on Defendant's *pro se* Petition for Writ of Coram Nobis for ineffective assistance of counsel. ECF No. 1772. In his motion, Defendant argues his counsel was ineffective for failing to argue a recent Supreme Court case (at time of sentencing) that would have impacted his case; specifically, he would not have been found to be a career offender. *Id.*

"As a remedy of last resort, the writ of error coram nobis is granted only where an error is "of the most fundamental character" and there exists no other available remedy." *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012). The writ is narrowly limited to 'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.' *United States v. Denedo*, 556 U.S. 904, 129 S.Ct. 2213, 2220, 173 L.Ed.2d 1235 (2009). A petitioner seeking this relief must show the following: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Akinsade*, 686 F.3d 252.

Regardless of the type of motion Defendant now brings, this court has previously ruled upon his ineffective assistance of counsel argument. The instant motion argues his counsel was ineffective at sentencing in allowing him to be sentenced as a career offender, despite potentially

helpful (though not directly on point) Supreme Court precedent regarding one of his predicate convictions. This is an argument Defendant has raised multiple times, first in his direct appeal to the Fourth Circuit (ECF No. 995) and again to this court on his initial motion pursuant to 28 U.S.C. § 2255 (ECF No. 1239). In explaining the decision to grant summary judgment for the Government on this ground in Defendant's § 2255 motion, this court explained:

> Defendant's counsel was fully aware that the FTSBL issue was in a state of flux in the Fourth Circuit. He discussed this issue with Defendant, and was prepared to argue Defendant's career offender objection on Defendant's behalf. However, counsel was also aware that existing Fourth Circuit precedent dictated that the objection would likely be overruled.

ECF No. 1270 at 10-11. As previously found by this court, Defendant's counsel was not ineffective "in advising him to take a deal that benefitted him greatly under precedent existing at the time Defendant was sentenced." *Id.* at 11.

The court has already ruled upon the very argument Defendant advances in the instant motion, and will not readdress it at this time without any new information provided by Defendant. Further, it is clear Defendant cannot meet the second requirement to bring a writ of coram nobis, "valid reasons exist for not attacking the conviction earlier," as Defendant has advanced this very argument in attacking his conviction previously. Defendant's petition for writ of coram nobis is **denied**.[1]

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

---

[1] Defendant also filed a motion to proceed *in forma pauperis*, requesting the court "waive the filing fee for this motion that is being filed to this court." ECF No. 1773. There is no filing fee for his motion styled as a writ for coram nobis. Therefore, this request is moot.

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
December 14, 2017